WHEATLAND TUBE CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND DONGBU STEEL CO., LTD, HYUNDAI PIPE CO., LTD., SEAH STEEL CORP., SHINHO STEEL CO., LTD., UNION STEEL MANUFACTURING CO., LTD., TUBERIA NACIONAL, S.A. DE C.V., HYLSA, S.A. DE C.V., AND WESTERN AMERICAN MANUFACTURING, INC., DEFENDANT-INTERVENORS

Court No. 96–04–01078

(Dated June 19, 1996)

*Schagrin Associates (Roger B. Schagrin)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Velta A. Melnbrencis), Lucius B. Lau,* Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.
*Morrison & Foerster (Donald B. Cameron, Craig A. Lewis* and *Panagiotis C. Bayz)* for defendant-intervenor Dongbu Steel Co., Ltd, Hyundai Pipe Co., Ltd., SeAH Steel Corp., Shinho Steel Co., Ltd., and Union Steel Manufacturing Co., Ltd.
*White & Case (Walter J. Spak* and *David E. Bond)* for defendant-intervenor Tuberia Nacional, S.A. de C.V.
*Shearman & Sterling (Jeffrey M. Winton* and *Michael J. Chapman)* for defendant-intervenor Hylsa, S.A. de C.V.
*Meeks & Sheppard* (Ralph H. Sheppard) for defendant-intervenor Western American Manufacturing, Inc.

## OPINION

RESTANI, *Judge:* Plaintiff, a domestic pipe producer, filed a petition alleging circumvention of antidumping orders on standard pipe by imports from Brazil, Korea and Mexico. The relief requested in the petition was treated as a request as to the scope of the orders and was denied by the United States Department of Commerce ("Commerce"). *See Final Negative Determination of Scope Inquiry on Certain Circular Welded Non-Alloy Steel Pipe and Tube from Brazil, the Republic of Korea, Mexico and Venezuela,* 56 Fed. Reg. 11,608 (Dep't Comm. 1996). Plaintiff seeks to preliminarily enjoin liquidation of formerly suspended entries pending final resolution of its challenge to the negative scope determination.

Except in the case of periodic administrative reviews, where issues of mootness create a presumption of irreparable harm, domestic parties have long been required to demonstrate with particularity the probabil-

ity of irreparable harm arising from fully negative unfair trade determinations. *Compare Zenith Radio Corp. v. United States,* 710 F.2d 806 (Fed. Cir. 1983) (injunction granted in periodic review challenge) *with American Spring Wire Corp. v. United States,* 7 CIT 2, 578 F.Supp. 1405 (1984) (injunction denied in challenge to International Trade Commission ("ITC") negative injury determination) *and Smith Corona Corp. v. United States,* 11 CIT 954, 965–68, 678 F.Supp. 293–96 (1987) (injunction denied in challenge to Commerce negative scope determination); *see also Brother Indus. (USA), Inc. v. United States,* 17 CIT 748, 750 (1993). Here plaintiff makes no attempt to demonstrate harm with particularity. The fact that past entries of a foreign competitor's goods may avoid duties is not a showing of injury to the domestic competitor. Furthermore, an ITC finding of injury to the multi-producer domestic standard pipe industry does not demonstrate injury to this single producer from other pipe products.

Accordingly, plaintiff's motion for preliminary injunction is denied.